IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC REINSTADTLER,
    Plaintiff,

v.                                           **Civil Action No. 07-168**
                                             Electronically Filed

BAYONE URETHANE SYSTEMS, LLC.,
ET AL.,
    Defendants.

## MEMORANDUM OPINION

**March 7, 2007**

       Defendants BayOne Urethane Systems, LLC. and the other eleven defendants filed a notice of removal of this case from the Court of Common Pleas of Allegheny County, Pennsylvania, claiming that: (a) Eric Reinstadtler's state court complaint, raising claims under Pennsylvania's Wage Payment and Collection Law ("WPCL") and Pennsylvania common law breach of contract, is actually a claim for severance benefits under an ERISA welfare benefits plan, as defined by 29 U.S.C. § 1002(1); (b) ERISA completely preempts plaintiff's claims, 29 U.S.C. § 1144(a); and (c) plaintiff's state court action is removable to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.

       This Court was not convinced, and entered a Rule to Show Cause on February 20, 2007, directing the parties to "file a Response to Rule to Show Cause, stating the party's respective positions as to whether this case involves a federal question, and whether it should or should not be remanded to the Court of Common Pleas of Allegheny County." After careful consideration of the responses to the Rule to Show Cause and plaintiff's complaint, the Court holds that there is no ERISA welfare benefits plan implicated, and even if there were, plaintiff's breach of contract and WPCL claims are not sufficiently "related to" said plan to preempt the state law claims.

Plaintiff's complaint alleges, in most pertinent part: plaintiff worked 18 years for defendant Bayer Material Science LLC; in 2004, he was asked to join a subsidiary of Bayer, BayOne Urethane Systems, LLC (BayOne); plaintiff agreed to join BayOne when he requested and received "multiple assurances that he would not lose any of his accrued benefits"; that BayOne gives "Severance Benefits" upon termination of employment equal to two weeks of base pay for each year of "combined" service; and that, at the time of his termination from BayOne in 2005, he had "earned and accumulated 36 weeks of Severance Benefits according to the policy of BayOne"; and that he had earned a bonus of $15,000 from BayOne at the time of his termination. Complaint, ¶¶ 16-25.  The complaint seeks wages and commissions allegedly owed him, including severance and an earned yearly bonus, liquidated damages under the WPCL, and severance benefits of $32,049.69 as calculated by his years of service pursuant to BayOne's "Severance Benefits" policy.

Defendants' Notice of Removal and Reply to Order to Show Cause insist that BayOne's severance pay plan is an ERISA welfare benefits plan because eligibility for such benefits "requires the exercise of judgment as to whether the reasons for termination of employment do or do not constitute a 'dismissal for cause.' Such severance pay plans are governed by ERISA." Defendants' Reply to Order to Show Cause (doc. no. 10) at 2.

At the outset, the Court notes that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).  All doubts as to substantive and procedural jurisdictional prerequisites

must be resolved in favor of remand. *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319, 323 (M.D. Pa. 1993).

The removing defendant bears the heavy burden of persuading the court to which the state action was removed that it has jurisdiction under the removal statutes. *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). "Whether the claim arises under 'federal law' for removal purposes is determined by applying the 'well-pleaded complaint rule' which determines original federal jurisdiction." *Wuerl v. International Life Science Church,* 758 F.Supp. 1084, 1086 (W.D.Pa. 1991).

Where defendants remove a state case on the grounds that the state court action is completely preempted by ERISA , this Court recently summarized the well-established rules of engagement, as follows:

> In [*UPMC Presby Shadyside v. Whirley Industries, Inc.*, 2005 WL 2335337 (W.D .Pa. 2005)], United States District Judge Sean McLaughlin held that UPMC's breach of contract claim, which it filed originally in state court, was predicated on a contractual legal duty between it and Whirley Industries . . . . , and therefore the breach of contract action was not completely preempted by ERISA and should not have been removed. The Court explained:
>
>> A civil action filed in state court is removable to federal court if the claim is one "arising under" federal law. 28 U.S.C. §§ 1331, 1441(a). *See Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (2004). . . . Under the "well-pleaded complaint" rule, the plaintiff is generally entitled to remain in state court provided the complaint does not affirmatively allege a federal claim on its face. . . . To support removal, a right or immunity created by the Constitution or federal law must be an essential element of the plaintiff's cause of action. . . .
>>
>> Because federal preemption is normally considered a defense to suit, it is not construed as appearing on the face of a well-pleaded complaint, and therefore does not generally authorize removal to federal court. *Metropolitan Life Ins. co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987);

> *Pascask Valley Hosp.*, 388 F.3d at 398. However, an exception supporting removal exists if the civil action "falls within the narrow class of cases to which the doctrine of 'complete preemption' applies." *Pascask Valley Hosp.*, at 399 . . . . This doctrine recognizes that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." . . . That is because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." . . .
>
> Section 502(a) of ERISA-- the statute's civil enforcement provision-- is one such provision "with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Pascask Valley Hosp.*, 388 F.3d at 399-400 . . . .Thus, state law actions that are within the scope of § 502(a) are removable to federal court. *Pascack*, 388 F.3d at 399-400 (citations omitted).
>
> The question for this Court is whether Plaintiff has asserted claims falling within ERISA's civil enforcement provision such that the doctrine of complete preemption applies. In determining whether a plaintiff has artfully pled his suit so as to couch a federal claim in terms of state law, we are permitted to look beyond the face of the complaint. *Pascack*, 388 F.3d at 400 . . . .

*UPMC Presby Shadyside v. Motel Hotel Assoc., Inc.*, 2006 WL 3484316, *1-2 (W.D.Pa. 2006) (additional citations omitted).

That eligibility for a benefit following termination "requires the exercise of judgment" is not what makes a severance plan an ERISA welfare benefits plan, as my colleague in the Middle District of Pennsylvania succinctly explained in *Middleton v. Philadelphia Elec. Co.*, 850 F.Supp. 348 (E.D.Pa. 1994):

> ERISA does not govern all employee benefits plans. It only applies to (1) employee pension benefit plans and (2) employee welfare benefit plans. . . .
>       \*   \*   \*
> Severance pay plans may under certain circumstances constitute "employee welfare benefit plans" under ERISA. *Massachusetts v. Morash*, 490 U.S. 107, 116 (1989). However, in *Fort Halifax Packing Co. v. Coyne*, 482 U.S.

1, 11 (1987), the Supreme Court held that a severance pay plan is *only an employee welfare benefit plan if it requires the establishment and maintenance of a separate and ongoing administrative scheme*. At issue in *Fort Halifax* was a Maine statute that required certain employers, on either the relocation or closing of a plant, to give terminated employees who had worked in the plant three or more years a severance payment of one week's pay for each year of employment. *Id*. at 5. The Court ruled that preempting the Maine statute "would not further the purpose of ERISA pre-emption," *id*. at 8, and that "the Maine statute in no way raises the type of concerns that prompted pre-emption," *id*. at 11. The Court noted that the goal of ERISA's preemption provision is to provide a single set of administrative practices for benefit plans in order to avoid a patchwork scheme of regulation. *Id*. at 11. However,

> [t]his concern only arises . . . with respect to benefits whose provision by nature *requires an ongoing administrative program to meet the employers's obligation*. It is for this reason that Congress pre-empted state laws relating to plans, rather than simply to benefits.

*Id.* at 11-12, 107 S.Ct. at 2217 (emphasis in the original). Because the Maine statute required only a one-time, lump-sum payment triggered by a single event, it did not create an employee benefit plan for which ERISA's uniform practices were necessary.

In cases applying *Fort Halifax* to severance pay plans or statutes, the characterization of these payments as governed by ERISA has hinged on the amount of employer discretion involved in providing payment. . . . In other words, courts have held that a plan or statute requires the establishment and maintenance of a separate and ongoing administrative scheme only if the plan administrator must determine employee eligibility based on subjective criteria.

For example, in *Pane v. RCA, Corp.*, 868 F.2d 631 (3rd Cir. 1989), the Third Circuit affirmed the district court's ruling that a severance plan set up to retain company executives during a merger was an ERISA plan. The lower court relied on the fact that, under the severance plan, the employee was entitled to benefits only if he or she was terminated for reasons other than for cause. Thus, "the circumstances of each employee's termination [had to] be analyzed in light of [certain] criteria, and an ongoing administrative system constituting an ERISA plan exist[ed]." *Pane*, 667 F.Supp. at 171.

\*   \*   \*

Conversely, in *Fontenot v. NL Industries, Inc.*, 953 F.2d 960, 961-63 (5th Cir. 1992), the Fifth Circuit held that a "golden parachute" program providing

>severance pay for executives who were terminated within two years of a change of control was not an ERISA plan because eligibility for the program was based on objective criteria. Thus, the Court held that for the employer to make payments under the plan, it was not required to establish a separate and ongoing administrative scheme. . . .
>
>Since *Pane*, the Third Circuit has once more been called upon to consider whether a severance pay plan was an ERISA-governed employee welfare benefit plan. In *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir. 1992), the Court determined that ERISA did not preempt claims for breach of a buyout plan under which the employer agreed to provide departing employees with a lump-sum cash payment and a year of continued benefits in exchange for their voluntary departure. . . . In holding that the plan was not governed by ERISA, the Court distinguished its earlier decision in *Pane* stating that " *Pane* involved a plan which required the creation of an administrative apparatus that would analyze each employees' situation in light of particular criteria." *Id*. at 1539. In *Angst* no such discretionary analysis of eligibility was required - the seventy-seven most senior members were included, and the rest were not.

850 F.Supp. 351-52 (parallel and certain other citations omitted).

The District Court in *Middleton* reviewed the severance plan, and found that it was more like the *Angst* severance benefit than the *Pane* severance plan because the defendant employer's "plan administrator was not required to analyze employees' eligibility in light of certain subjective criteria. The plan administrator only had to determine eligibility based on objective criteria and calculate severance benefits according to a simple formula." *Id*. at 353. At that point, the work of the plan administrator was done – the payment of severance benefits did not require "the establishment and maintenance of a separate and ongoing administrative scheme."

So too in this case, plaintiff's complaint alleges - and defendants do not dispute, see Defendants' Reply at 3 -- that he is eligible and entitled to one lump-sum severance payment of $32,049.69, objectively computed based upon his length of combined employment at Bayer and BayOne and his base year salary. This calculation does not require the establishment or

maintenance of any separate and ongoing administrative scheme; once payment is made, that is the end of it.

The mere fact that BayOne *may* be able to defend a claim using the severance benefits as the appropriate measure of damages, on the grounds that dismissal was "for cause," and that the "plan" will exercise its discretion on one occasion to determine whether dismissal was for cause, does not convert the severance benefits into an ERISA plan.[1]  *Fort Halifax*; *Angst*; *Middleton*. See also *Williamson v. GTE Products Corp.*, 955 F.Supp. 364 (M.D.Pa. 1997) (employer's voluntary severance program offering retirement eligible employees option to participate in voluntary reduction lump-sum severance pay and certain benefits through their termination date was not employee benefit plan subject to ERISA because it was: a one-time lump sum payment, the amount of which was determined by a computation based on objective factors; and a continuation of certain benefits which already existed; and no new administrative scheme came into being, and no new responsibility was added to an existing administrative scheme).

Moreover, even if the severance benefits were administered as part of an ERISA welfare benefits plan, plaintiff's complaint is not "related to" such a plan.  The complaint filed in the Court of Common Pleas of Allegheny County is less like an ERISA claim for welfare benefits than it is a true breach of contract claim based upon certain defendants' alleged inducements and promises made to plaintiff prior to his accepting a transfer to BayOne, i.e., assuring plaintiff that his benefits that had accrued with the former employer would not be adversely affected. See e.g.,

---

[1] The Court notes that defendants argument in this regard is purely academic, and they do not hint at any actual "cause" that might have been grounds for plaintiff's dismissal in their motion to dismiss, brief in support, or reply to rule to show cause.  If BayOne did have "cause" for dismissal, defendants may raise that as a defense in state court.

*Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166 (3d Cir. 1997) (noting that in *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995), the Supreme Court refused to read the term "relate to" in section 514 of ERISA literally, for to do so would provide no stopping point for ERISA preemption. 514 U.S. at 655-57; preemption does not occur . . . "if the state law [ i.e., negligence/ breach of contract] has only a tenuous, remote, or peripheral connection with covered plans, as in the cases with many laws of general applicability."); *Armstrong v. U.S. Steel Corp.*, 2006 WL 952184 (W.D.Pa. 2006) (Ambrose, C.J.) (ERISA complete preemption does not apply to plaintiffs' breach of contract, fraudulent inducement and misrepresentation claims based upon former employer's misstatements made about an early retirement package).

    For the foregoing reasons, plaintiff's complaint is not completely preempted by ERISA, if at all, and the removal to this Court was improper. The case will therefore be remanded to the Court of Common Pleas of Allegheny County, by separate order of court.

                                                    s/ Arthur J. Schwab
                                                    Arthur J. Schwab
                                                    United States District Judge

cc:    All counsel of ECF record